1  G. SCOTT EMBLIDGE, State Bar # 121613
   ANDREW E. SWEET, State Bar # 160870
2  MOSCONE, EMBLIDGE, & QUADRA, LLP
   220 Montgomery Street, Suite 2100
3  San Francisco, California 94104
   Telephone:  (415) 362-3599
4  Facsimile:  (415) 362-2006



FILED
AUG 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Defendant
TEGSCO, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB KAUFMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN FRANCISCO; HEATHER FONG, in her official capacity as Police Chief of the City of San Francisco, TEGSCO, LLC, a California Limited Liability Company; and DOES 1-20,<br><br>Defendants. | Case No. CV 08-3755 EDL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TEGSCO, LLC'S MOTION TO DISMISS [12(B)(6)]**<br><br>Date:  September 16, 2008<br>Judge: Hon. Elizabeth D. Laporte<br>Time:  9:00 a.m.<br>Place: Courtroom E, 15th Floor<br><br>Date Action Filed:  June 27, 2008<br>Trial Date:  None Set |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 16, 2008, or as soon thereafter as counsel may be heard, in Courtroom E of the above-entitled Court, the Honorable Elizabeth D. Laporte presiding, located at 450 Golden Gate Avenue, San Francisco, California, Defendant TEGSCO will move this Court for an order pursuant to Rule of Civil Procedure 12(b)(6) dismissing the Complaint for failure to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion; Defendant TEGSCO's Points and Authorities in Support of this motion; all other documents before the Court; matters of which the Court may take

1  judicial notice; and any oral argument that may be presented to the Court in connection with the
2  hearing on this motion.

## INTRODUCTION

Plaintiff Bob Kaufman ("Plaintiff") has filed this lawsuit against Defendant TEGSCO, LLC ("TEGSCO") alleging one cause of action for conversion.[1] TEGSCO moves to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) because the facts as alleged are insufficient to establish that the alleged conversion took place, and fail to establish any legal theory by which TEGSCO can be liable for the alleged conversion.

## FACTS AS ALLEGED IN THE COMPLAINT

According to the complaint, San Francisco Traffic Code Section 37(a) ("Section 37(a)") prohibits a person from parking or leaving a vehicle on a public street for more than 72 consecutive hours. No vehicle may be towed pursuant to Section 37(a) unless a warning notice pursuant to San Francisco Traffic Code Section 159.10 has been placed upon the vehicle. Complaint ¶6.

On June 15, 2007, at 1:00 p.m., SFPD placed a warning notice on Plaintiff's car notifying him that he must move the car one city block or equivalent to $1/10^{th}$ of a mile. Complaint ¶9.

The warning notice had a place for the officer to record the vehicle's odometer reading, but no mileage was recorded on the notice. Complaint ¶9.

On June 18, 2007, at 2:44 p.m., SFPD towed the vehicle. Complaint ¶10.

California Vehicle Code Section 22850 requires "that at the time of the removal of a vehicle, the officer must determine the amount of mileage on the vehicle." Complaint ¶6.

SFPD completed tow slip, which provides a place to record the vehicle's odometer reading, but no mileage was recorded on the notice. Complaint ¶10.

The complaint alleges on information and belief that on July 26, 2007, AutoReturn[2] sold Plaintiff's vehicle. Complaint, ¶15.

---

[1] The City of San Francisco and Police Chief Heather Fong are also named as defendants in this case. The causes of action alleged against these other defendants are 1) violation of 72-hour tow laws; 2) violation of due process requirements; 3) violation of due process rights under the U.S. Constitution, brought under 42 U.S.C. § 1983; and 4) conversion.

[2] AutoReturn is not named in the complaint. However, TEGSCO, LLC does business as AutoReturn.

| Notice of Motion and Motion to Dismiss; MPA in support thereof | 2 | Case No. CV 08 3755 EDL |
|---|---|---|

1  Plaintiff clams that TEGSCO committed the tort of conversion. Complaint ¶¶44-48.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint in San Francisco Superior Court on June 27, 2008. Complaint, pg. 1. On July 11, 2008, Plaintiff served defendant with a Summons and Complaint. On August 5, 2008, TEGSCO filed a Notice of Removal in the United States District Court, Northern District.

## ARGUMENT

### I. PLAINTIFF FAILED TO STATE A CLAIM AGAINST TEGSCO FOR WHICH RELIEF CAN BE GRANTED.

Plaintiff alleges that TEGSO is liable for conversion. The claim is based on allegations that 1) the tow of Plaintiff's car was invalid, and 2) TEGSCO sold Plaintiff's car. However, the facts as alleged are unfounded conclusions that fail to state a claim upon which relief can be granted since they are insufficient to establish that the alleged conversion took place and fail to establish any legal theory by which TEGSCO can be liable for the alleged conversion.

#### A. Legal Standard For Granting A Motion Under Federal Rules Of Civil Procedure Section 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir.1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U .S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F .2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1974 (2007).

| Notice of Motion and Motion to Dismiss; MPA in support thereof | 3 | Case No. CV 08 3755 EDL |
|---|---|---|

Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000).

The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994) (citing *Papasan v. Allain*, supra, 478 U.S. at 286).

B.  **Plaintiff Failed To Allege A Cause Of Action For Conversion Against TEGSCO.**

The California tort of Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Mendoza v. Rast Produce Co., Inc.* (2006) 140 Cal.App.4th 1395, 1404.

Plaintiff alleges that he was entitled to possession of the vehicle at issue. Complaint, ¶45. However, he failed to allege ownership of the vehicle and his allegation of entitlement to possession is a legal conclusions cast in the form of factual allegations that the court should disregard since the conclusion cannot reasonably be drawn from the facts alleged.

First, to establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession. Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion. (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 610-611. Here, Plaintiff's allegations regarding ownership or right to possession fall into two categories that are both insufficient to establish ownership or right to possession. First, Plaintiff alleges actual ownership *tangentially* by claiming ownership in the context of other allegations (e.g. "SFPD sold Mr. Kaufman's Vehicle"). Complaint ¶¶9, 10, 15, 28, 30, 36, 41-43, 45 and 48. Second, Plaintiff alleges he is *entitled to* possession of the vehicle at issue. Complaint ¶¶8, 45.

As to the first category, Plaintiff failed to plead ownership of the vehicle and his tangential references ownership amount to conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged since there are no facts alleged to conclude plaintiff owned the vehicle.

Notice of Motion and Motion to Dismiss; MPA in support thereof    4    Case No. CV 08 3755 EDL

1   As to the second category, Plaintiff also insufficiently pled right to possession since his claim
2   of entitlement is a legal conclusion and there are no facts alleged to conclude Plaintiff was entitled to
3   possession of the vehicle. Plaintiff claims only that at all times he was entitled to possession of the
4   vehicle. Complaint ¶8. But he pleads no facts upon which to base that legal conclusion. For
5   example, Plaintiff does not allege that he is the registered owner of the vehicle that he purchased the
6   vehicle or any fact at all to establish that he was entitled to posses the vehicle at the time of the
7   alleged conversion. *Enterprise Leasing Corppration v. Shugart Corporation* 231 Cal.App.3d. 737,
8   748 (1991).

9   Building on his unsupported premises, Plaintiff alleges that he after the tow he was entitled to
10  possession "because the June 18, 2007 tow of the Vehicle was invalid." Complaint ¶45. But his
11  illegality claim is not supported by factual allegations that give rise to the legal conclusion that the
12  tow was illegal. There being an insufficient basis to conclude the tow was illegal, Plaintiff has failed
13  to sufficiently allege he was entitled to possession at the time of the alleged conversion.

14  Here is Plaintiff's illegality argument:

15  - Section 37(a) prohibits a person from parking or leaving any vehicle on a public street from
16    more than 72 consecutive hours. Complaint ¶6.
17  - No vehicle may be towed pursuant to Section 37(a) unless a warning notice pursuant to San
18    Francisco Traffic Code Section 159.10 has been placed upon the vehicle. Complaint ¶6.
19  - On June 15, 2007, at 1:00 p.m., SFPD placed a warning notice on Plaintiff's car notifying
20    him that he must move the car one city block or equivalent to $1/10^{th}$ of a mile. Complaint ¶9.
21  - The warning notice had a place for the officer to record the vehicle's odometer reading, but
22    no mileage was recorded on the notice. Complaint ¶9.
23  - On June 18, 2007, at 2:44 p.m., SFPD towed the vehicle. Complaint ¶10.
24  - California Vehicle Code Section 22850 requires "that at the time of the removal of a vehicle,
25    the officer must determine the amount of mileage on the vehicle." Complaint ¶6.
26  - SFPD completed tow slip, which provides a place to record the vehicle's odometer reading,
27    but no mileage was recorded on the notice. Complaint ¶10.
28

| Notice of Motion and Motion to Dismiss; MPA in support thereof | 5 | Case No. CV 08 3755 EDL |
|---|---|---|

1. • Therefore the tow was invalid. Complaint ¶¶29, 45.

Plaintiff lumps Section 37(a), Section 159.10 and California Vehicle Code Section 22850 together and refers to them as the "72-Hour Tow Laws" to claim a collective illegality. Complaint ¶6. In sum, he claims the tow was illegal because the SFPD violated the "72Hour Tow Laws" by failing to record the odometer reading on the warning notice and the tow slip. But that is not the law, which is clear when the statutes cited by Plaintiff are reviewed. Plaintiff's theory is a perfect example of why a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, supra, 18 F.3d 752 at 755.

First, neither Section 37(a) nor Section 159.10 require that the mileage be recorded on the warning notice or the tow slip.

Section 37(a) states in its entirety, "No person shall park or leave standing any vehicle on any public street or highway for more than 72 consecutive hours."

Section 159.10 states in its entirety,

> No vehicle parked or left standing upon any highway or street in violation of Section 37(a) of Part II, Chapter XI, Article 3 of the San Francisco Municipal Code shall be removed pursuant to the provision of Section 159 of this Article unless there has been posted in a conspicuous place upon such vehicle a notice which shall contain the following: (a) the alleged violation; (b) a description of the vehicle (including, if available, the make, model, color, type, license number, and identification number of the vehicle); (c) the location of the vehicle; (d) the identity of the person giving the notice; (e) a statement of the right to a hearing prior to its removal; the manner of obtaining such a hearing and the time, location and days on which such hearings are held.
>
> The Chief of Police and the Director of Parking and Traffic shall adopt such regulations as my be necessary or convenient to the implementation of the hearing provisions of this ordinance and the post-storage hearing requirements set forth in Section 22852 of the California Vehicle Code, and the Chief of Police or the Director of Parking and Traffic or a city employee designated by either of them shall conduct the hearings provided for herein and in said Vehicle Cod Section 22852.

Plaintiff pleads that no mileage was recorded on the warning notice. Complaint ¶9. However, from a plain reading of these statutes, mileage recordation on the warning notice was not required. Clearly, Section 57(a) and Section 159.10 do not provide support for Plaintiff's claim that the tow was illegal.

| Notice of Motion and Motion to Dismiss; MPA in support thereof | 6 | Case No. CV 08 3755 EDL |
|---|---|---|

The remaining statute comprising the "72-Hour Laws," Vehicle Code Section 22850, also does not require that the mileage be recorded on the warning notice or the tow slip for the tow to be legal. Vehicle Code Section 22850 is entitled "Storage of Vehicle: Mileage," and states,

> Whenever an officer or employee removes a vehicle from a highway, or from public or private property, unless otherwise provided, he shall take the vehicle to the nearest garage or other place of safety or to a garage designated or maintained by the governmental agency of which the officer or employee is a member, where the vehicle shall be placed in storage.
>
> At the time of such removal, the officer or employee shall determine the amount of mileage on the vehicle.

Plaintiff alleges that Vehicle Code Section 22850 was violated because the officer failed "to record the mileage of the Vehicle at the time of its removal." Complaint ¶10. But the statute requires the officer to determine the mileage, a different task than to record the mileage, and one that Plaintiff failed to allege the officer failed to complete. Plaintiff failed to plead sufficient facts to allow a court to conclude the tow was illegal.

Moreover, Plaintiff failed to allege how the ministerial task of determining mileage as it pertains to storage of vehicles pursuant to Vehicle Code Section 22850 can lead to the conclusion that the otherwise lawful tow was unlawful. Vehicle Code Section 22850 concerns storage of vehicles and does not address the propriety of vehicle tows. He makes no claim that he did not violate Section 37(a), that Section 159.10 was not complied with or that SFPD was not entitled to tow his vehicle. He only claims that the failure to record the mileage somehow converts the legal tow to an illegal one. Here, Plaintiff failed to allege any impropriety with the storage of the vehicle and failed to plead a cognizable legal theory pursuant to Vehicle Code Section 22850 upon which to base a claim for conversion.

Finally, Plaintiff claims that he placed a "self-effecting stop notice on the vehicle to prevent the sale." Complaint ¶46. He will presumably argue that this so-called self-effecting stop notice converted a lawful tow and lien sale[3] into a conversion because he somehow placed a stop on any

---

[3] TEGSCO was lawfully entitled to sell the vehicle at a lien sale pursuant to California Vehicle Code Section 22851. Plaintiff did not plead otherwise.

| Notice of Motion and Motion to Dismiss; MPA in support thereof | 7 | Case No. CV 08 3755 EDL |

potential sale. However, Plaintiff failed to plead facts to explain the term "self-effecting stop notice," that it was effective or its consequences.

## CONCLUSION

For the aforementioned reasons, TEGSCO requests that the Court grant its Motion to Dismiss Plaintiff's Complaint under F.R.C.P. 12(b)(6).

Dated: August 6, 2008

Respectfully Submitted,

MOSCONE, EMBLIDGE & QUADRA , LLP

By:_____
ANDREW E. SWEET

Attorneys for Defendant
TEGSCO