1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
3 | MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Sixth Floor
5 | San Francisco, California 94102-5408
Telephone:     (415) 554-3911
6 | Facsimile:      (415) 554-3837
E-Mail:         meredith.osborn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHIEF HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BOB KAUFMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; HEATHER FONG, in her official capacity as Police Chief of the City and County of San Francisco; TEGSCO, LLC, a California Limited Liablity Company, and DOES 1 through 20,<br><br>        Defendants. | Case No. CV 08-3755 EDL<br><br>CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>Hearing Date: September 16, 2008<br>Time:            9:00 a.m.<br>Place:           Courtroom E, 15th Fl.<br><br>Attached Documents: [Proposed] Order Granting Defendants City andCounty of San Francisco and Chief Heather Fong's Motion to Dismiss<br><br>Trial Date:                None Set |
|---|---|

MOTION TO DISMISS CASE NO. 08-3755 EDL                                         n:\lit\li2008\090065\00502371.doc

# TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ................................................................................1
    I.    INTRODUCTION ...........................................................................................................1
    II.    ARGUMENT ...................................................................................................................1
        A.    Plaintiff Fails To State A Claim Against The City And County Of San Francisco or Chief Heather Fong for Violation of 72-Hour Tow Laws ......2
        B.    Plaintiff Fails to State a Claim Against the City or Chief Fong for Violation of Due Process ...........................................................................................3
        C.    Plaintiff's Fails to State a Claim Against the City or Chief Fong Under Section 1983 ........................................................................................................4
        D.    Plaintiff Fails to State a Claim Against the City or Chief Fong for Conversion .................................................................................................6
    III.    CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

**Federal Cases**

*Abramson v. Brownstein*
    897 F.2d 389 (9th Cir. 1990) ....................................................................................................1

*Balistreri v. Pacifica Police Dep't.*
    901 F.2d 696 (9th Cir. 1988) ....................................................................................................1

*Bielevicz v. Dubinon*
    915 F.2d 845 (3d Cir. 1990) .....................................................................................................6

*Board of the County Commissioners of Bryan County v. Brown*
    520 U.S. 397 (1997)..................................................................................................................5

*Carbajal v. County of Nassau*
    271 F. Supp. 2d 415 (E.D.N.Y. 2003) ......................................................................................6

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ......................................................................................................1

*Gold v. City of Miami*
    151 F.3d 1346 (11th Cir. 1998) ................................................................................................6

*Hisamatsu v. Niroula*
    2008 U.S. Dist. LEXIS 9194
    *10 (N.D. Cal. Jan. 10, 2008) ..................................................................................................1

*Monell v. Dept. of Social Services*
    436 U.S. 658 (1978)...............................................................................................................4, 5

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) ....................................................................................................1

*Sanders v. Kennedy*
    794 F.2d 478 (9th Cir. 1986) ....................................................................................................1

*Scofield v. City of Hillsborough*
    862 F.2d 759 (9th Cir. 1988) ....................................................................................................4

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*
    88 F.3d 780 (9th Cir. 1996) ......................................................................................................1

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) ......................................................................................................5

*Walker v. County of Santa Clara*
    2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) ................................................................2, 4, 6

**State Cases**

*Brown v. Poway Unified School District*
   4 Cal. 4th 820 (1993) ...........................................................................................2, 4, 6

*Eastburn v. Reg'l Fire Protection Auth.*
   31 Cal. 4th 1175 (2003) .......................................................................................2, 4, 6

*Haggis v. City of Los Angeles*
   22 Cal.4th 490 (2000) ................................................................................................2

*Payne v. Bennion*
   178 Cal.App.2d 595 (1960) .......................................................................................2

*State v. Superior Ct.*
   150 Cal.App.3d 848 (1984) .......................................................................................2

**State Statutes & Codes**

California Government Code
   § 820.8 ..................................................................................................................2, 6

California Government Code
   § 815 ...................................................................................................................2, 4, 6

California Government Code
   § 815(a) ..............................................................................................................2, 4, 6

California Government Code
   § 815.6 .......................................................................................................................2

California Vehicle Code
   § 22852 .....................................................................................................................4

**Federal Statutes**

42 United States Code
   §1983 ........................................................................................................................5

Federal Rule of Civil Procedure
   § 12(b)(6) ..............................................................................................................1, 7

**Other References**

San Francisco Municipal Traffic Code § 159.10 ...........................................................3

San Francisco Municipal Traffic Code
   § 37(a) ...................................................................................................................3, 5

1     TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

2     TAKE NOTICE THAT on September 16, 2008 at 9:00 a.m. in Courtroom E, 15th Floor at 450 Golden Gate Ave., San Francisco, California, Defendants City and County of San Francisco ("City") and Chief Heather Fong will and hereby do move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This motion is based upon this notice, the attached memorandum of points and authorities, the court file for this matter, and any argument that may be heard.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff Bruce Kaufman alleges that the City and County of San Francisco ("City") and Chief Fong are liable for violating the 72-hour tow laws and constitutional due process requirements, and for the common law tort of conversion. Plaintiff filed this suit in San Francisco Superior Court on June 27, 2008 and served defendants on July 11, 2008. Co-defendant Tegsco, LLC removed the suit to this Court on August 5, 2008 and the City and Chief Fong joined in the removal.

**II.  ARGUMENT**

For the purposes of this motion to dismiss, defendants accept the material allegations in the complaint as true and construes the allegations in the light most favorable to plaintiff. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This Court, however, "is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged." *Hisamatsu v. Niroula*, 2008 U.S. Dist. LEXIS 9194, *10 (N.D. Cal. Jan. 10, 2008) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Here, dismissal is proper because plaintiff has failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Dismissal is appropriate because plaintiff can prove no set of facts that support his claim against defendants the City or Chief Fong. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).

### A. Plaintiff Fails To State A Claim Against The City And County Of San Francisco or Chief Heather Fong for Violation of 72-Hour Tow Laws

Plaintiff alleges in his first cause of action that the San Francisco Police Department towed his vehicle on June 18, 2007, but did not record the mileage on the tow slip at the time of the tow.

First, Chief Fong cannot be held vicariously liable for the torts of another person. Gov't Code § 820.8. *see Payne v. Bennion,* 178 Cal.App.2d 595 (1960) (holding that public officer is not responsible for acts or omissions of subordinates unless he has directed such acts to be done or has personally co-operated therein). Plaintiff fails to allege that Chief Fong violated any law or directed any other City employee to do so.

Second, plaintiff fails to identify any statutory basis for liability against the City, so his claim based on the 72-hour laws must be dismissed. *See Eastburn v. Reg'l Fire Protection Auth.*, 31 Cal. 4th 1175, 1183-84 (2003) ("[the] direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care..."); *see also Walker v. County of Santa Clara*, 2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) (dismissing state claims). Under California law, all common law and judicially declared forms of liability for public entities are abolished. Gov't Code §815 *et seq*. A public entity is immune from and not liable for any injury, except as specifically provided by statute. Gov't Code § 815(a); *Brown v. Poway Unified School District* (1993) 4 Cal. 4th 820, 829.

There is no statutory liability for a violation of California Vehicle Code section 22850. California Government Code section 815.6 provides that a public entity is only liable where a law creates (1) a mandatory duty; (2) the law is designed to protect against the kind of injury suffered by the plaintiff; and (3) the breach of that duty is a proximate cause of the plaintiff's injury. *See State v. Superior Ct.,* 150 Cal.App.3d 848, 854 (1984). First, as described below, California Vehicle Code section 22850 does not create a mandatory duty to record the mileage on a tow slip at the time a vehicle is removed. Second, plaintiff fails to allege that that California Vehicle Code section 22850 is designed to protect against a vehicle being unlawfully towed. In fact, this section relates to the storage of vehicles and not to their removal. *See Haggis v. City of Los Angeles* 22 Cal.4th 490 (2000) (holding that even if an enactment "confers some benefit" on the class to which plaintiff belongs, that is not enough to impose liability on public entity). Third, plaintiff does not allege facts sufficient to

show that the failure to record the vehicle's mileage proximately caused his vehicle to be unlawfully towed. It is common sense that the tow slip is not filled out until the vehicle has already been authorized to be towed.

Plaintiff also fails to allege facts sufficient to prove that any City employee violated any state law. California Vehicle Code section 22850 states in relevant part that at the time of removal of a vehicle, "the officer or employee shall *determine* the amount of mileage on the vehicle." Cal. Veh. Code § 22850 (emphasis added). The law does not require, as plaintiff alleges, that the officer or employee *record* the vehicle's mileage at the time of removal. California law authorizes vehicle removal when it is "parked or left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal." Cal. Veh. Code § 22651(k). Plaintiff does not allege that he had not parked his vehicle in violation of San Francisco's local ordinance prohibiting people from leaving their vehicles parked or left standing on any public street for more than 72 consecutive hours on June 18, 2007. San Francisco Municipal Traffic Code § 37(a).

As a matter of law, San Francisco's municipal code authorizes removal of vehicles for violating the 72-hour law after a notice is placed on the vehicle that indicates the vehicle's *location*, not its mileage. San Francisco Municipal Traffic Code § 159.10. An odometer reading is just one way that a City employee can determine whether a vehicle is in violation of Traffic Code section 37(a). If an odometer reading cannot be taken, the vehicle's location can also be determined through chalk markings on the vehicle's tires and sidewalk where the vehicle is parked, or by noting its physical location at an address or intersection, as was evidently the case with plaintiff's vehicle. The notice affixed to plaintiff's vehicle, which plaintiff attached to his Complaint, notes the vehicle's location at 215 Sunnydale Street and the tow slip indicates that plaintiff's vehicle was towed from 215 Sunnydale Street more than 72-hours after the vehicle was marked with the notice.

### B.     Plaintiff Fails to State a Claim Against the City or Chief Fong for Violation of Due Process

Plaintiff alleges that he requested, but did not receive, a supervisory review of the June 18, 2007 tow and that this violated his right to due process under the U.S. Constitution. First, there is no stand alone private right of action for a violation of due process under the U.S. Constitution. This

cause of action is inartfully pled and duplicative to plaintiff's third cause of action for violation of due process rights brought under section 1983.

Second, plaintiff again fails to identify any statutory basis for liability against the City. *See Eastburn*, 31 Cal. 4th at 1183-84 ("[the] direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care..."); *see also Walker*, 2005 WL 2437037 . Under California law, all common law and judicially declared forms of liability for public entities are abolished. Gov't Code § 815 *et seq*. A public entity is immune from and not liable for any injury, except as specifically provided by statute. Gov't Code §815(a); *Brown*, 4 Cal. 4th at 829.

Finally, Plaintiff again fails to allege that Chief Fong herself violated his due process rights, and Chief Fong cannot be held vicariously liable for the torts – constitutional or otherwise – of another person. Gov't Code § 820.8.

### C. Plaintiff's Fails to State a Claim Against the City or Chief Fong Under Section 1983

The City is not vicariously liable for the actions of its employees alone under section 1983 – plaintiff must allege that the City's employees acted pursuant to a City policy, practice, or custom when they violated his constitutional rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

As plaintiff fails to allege facts sufficient to show a constitutional violation, he has failed to state a claim under section 1983. Plaintiff alleges that he mailed the San Francisco Police Department a request for a post-tow hearing on June 29, 2007, eleven days after his vehicle was towed. Plaintiff does not allege that he requested this hearing in person, by writing, or by telephone within 10 days of receiving notice that he was entitled to such a hearing, as required by California Vehicle Code section 22852. Plaintiff therefore does not allege facts sufficient to show that the City or its employees violated his due process rights by denying him a hearing. *See Scofield v. City of Hillsborough*, 862 F.2d 759 (9th Cir. 1988) (holding that plaintiff's due process rights were not violated if plaintiff failed to timely request a post-tow hearing).

Even had plaintiff alleged facts sufficient to show that a City employee deprived him of his rights under the Constitution or laws of the United States, he fails to state a claim against the City or Chief Fong in violation of 42 U.S.C. section 1983. In all section 1983 claims against a municipality, a plaintiff must show "that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 407 (1997). This showing requires plaintiff to demonstrate that an act of the municipality itself, taken with "deliberate indifference as to its known or obvious consequences," led the employee to deprive the plaintiff of his federal rights. *Id.* at 409. This is a "stringent standard of fault." *Id.* at 412.

Plaintiff alleges that the tow of his vehicles on May 29, 2008 and June 1, 2008 violated San Francisco Municipal Traffic Code section 37(a). These allegations are simply irrelevant to the alleged due process violations resulting from his failure to receive a post-tow hearing after the June 18, 2007 tow of his vehicle. Plaintiff does not allege that no notice was affixed to his vehicle 72 hours prior to the June 18, 2007 tow – indeed, he provides the notice in his pleadings – he only alleges that the mileage was not recorded on the tow slip. Nor does he complain that the mileage of his vehicles was not recorded on the tow slips in any of the subsequent tows.

Plaintiff's only relevant allegations for *Monell* purposes are that he was denied post-tow hearings on two occasions subsequent to the June 18, 2007 tow of his vehicle. Plaintiff alleges that he requested but never received post-tow hearings on August 24, 2007 and June 3, 2008. Plaintiff also alleges that he requested a post-tow hearing after two of his vehicles were towed on June 22, 2007. Plaintiff's Complaint is not clear as to whether he requested a post-tow hearing for the June 22, 2007 tows in a letter dated July 26, 2007 or September 28, 2007, but regardless, neither of these two letters are alleged to constitute a timely request for hearing under California Vehicle Code section 22852. The two other instances on August 24, 2007 and June 3, 2008, which allegedly occurred after his constitutional rights were violated, are insufficient to prove that the City had an unlawful custom or practice for the purposes of *Monell*. Municipal liability under section 1983 based on an allegedly unlawful custom or practice may not be shown through evidence of "isolated or sporadic events." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Rather, plaintiff must identify and prove through

admissible evidence "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* Two instances almost a year apart cannot establish a pattern, custom, or practice under *Monell*.

Further, as plaintiff only alleges that there were *subsequent* instances where the City denied him a post-tow hearing, he has not alleged facts sufficient to prove that the alleged policy, practice, or custom was a moving force behind the violation of his constitutional rights. *See Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990); *see also Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1313-14 (S.D. Ala. 2001) (to establish causation "flowing from a city's failure to investigate or discipline breaches of policy by its police officers, the plaintiff must show that prior breaches of policy resulted in constitutional violations"); *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998) ("without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise"); *Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 422 (E.D.N.Y. 2003) (municipal liability "can be proven with evidence that the municipality was given notice of the possibility that its employees were violating citizens' constitutional rights, and . . . failed to discipline subordinates who violated civil rights").

### D. Plaintiff Fails to State a Claim Against the City or Chief Fong for Conversion

Here again, plaintiff fails to identify any statutory basis for liability against the City, thus his common law cause of action for conversion must be dismissed as against the City. *See Eastburn*, 31 Cal. 4th at 1183-84 ("[the] direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care..."); *see also Walker*, 2005 WL 2437037 (dismissing state claims). Under California law, all common law and judicially declared forms of liability for public entities are abolished. Gov't Code § 815 *et seq*. A public entity is immune from and not liable for any injury, except as specifically provided by statute. Gov't Code §815(a); *Brown*, 4 Cal. 4th at 829.

Plaintiff also fails to allege that Chief Fong herself violated committed the tort of conversion or directed another City employee to do so. Chief Fong cannot be held vicariously liable for the acts or omissions of another City employee. Gov't Code § 820.8.

1    Finally, plaintiff has not alleged facts sufficient to prove the elements of a claim for
conversion because he has not alleged that he was entitled to possession of his vehicle on June 18,
2007. As explained above, plaintiff does not allege that his vehicle was not parked in violation of
Traffic Code section 37(a) on June 18, 2007 when it was towed.

### III.  CONCLUSION

For the aforementioned reasons, the City and Chief Fong respectfully request that the Court grants its Motion to Dismiss Plaintiff's Complaint under F.R.C.P. 12(b)(6).

Dated:  August 11, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Attorney
MEREDITH B. OSBORN
Deputy City Attorney


By:_____/s/_____
MEREDITH B. OSBORN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO AND
CHIEF HEATHER FONG

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  MEREDITH B. OSBORN, State Bar #250467
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3911
6  Facsimile:    (415) 554-3837
   E-Mail:       meredith.osborn@sfgov.org

7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO AND
9  CHIEF HEATHER FONG

10
                              UNITED STATES DISTRICT COURT
11
                            NORTHERN DISTRICT OF CALIFORNIA
12

13 | BOB KAUFMAN,                              | Case No. CV 08-3755 EDL
14 |         Plaintiff,                        | [PROPOSED] ORDER GRANTING
                                               | DEFENDANT CITY AND COUNTY OF
15 |     vs.                                   | SAN FRANCISCO AND CHIEF
                                               | HEATHER FONG'S MOTION TO
16 | CITY OF SAN FRANCISCO; HEATHER            | DISMISS FOR FAILURE TO STATE A
   | FONG, in her official capacity as Police  | CLAIM
17 | Chief of the City of San Francisco;
   | TEGSCO, LLC, a California Limited         | DATE: SEPTEMBER 16, 2008
18 | Liability Company, and DOES 1 through     | TIME : 9:00 A.M.
   | 20,                                       | PLACE: DEPT. E, 15TH FLOOR
19 |
   |         Defendants.
20

21

22      Defendants' MOTION TO DISMISS came before this Court in Courtroom E, 16th Floor on

23 September 15, 2008, at 9:00 a.m., the Honorable Elizabeth D. LaPorte presiding.  Deputy City

24 Attorney Meredith B. Osborn appeared for defendants City and County of San Francisco and Chief

25 Heather Fong.

26      Having reviewed the parties' submissions, considered the relevant authorities, and heard

27 argument, the Court GRANTS defendants City and County of San Francisco and Chief Heather

28 Fong's motion:

1. Plaintiff's claims against defendants City and County of San Francisco and Chief Heather Fong are DISMISSED.

SO ORDERED.

Dated: _____        _____

                                                HON. ELIZABETH D. LAPORTE

                                                UNITED STATES MAGISTRATE JUDGE