IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB KAUFMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>           Defendants.<br>_____/ | No. C-08-03755 EDL<br><br>**ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants City and County of San Francisco and Heather Fong's ("City Defendants" or "Defendants") Motion to Dismiss.[1] On November 18, 2008, the Court held a hearing on Defendants' Motion. For the reasons stated at the hearing and in this Order, Defendants' Motion is granted in part with leave to amend.

**Relevant Facts**

Plaintiff alleges that the City Defendants violated the 72-Hour Tow Laws in San Francisco by towing seven of Plaintiffs' cars on different occasions, and also violated his civil rights by not providing post-tow hearings. There are three claims against the City Defendants: (1) violation of the 72-Hour Tow Laws contained in the California Vehicle Code and the San Francisco Traffic Code;[2] (2) violation of due process requirements; and (3) violation of due process pursuant to 42 U.S.C. § 1983.

---

[1] At the hearing, Plaintiff conceded that the San Francisco Police Department was not a proper Defendant because the City and County of San Francisco is already a Defendant. Therefore, the San Francisco Police Department is dismissed.

[2] In July 2008, the San Francisco Transportation Code took effect, superceding the San Francisco Traffic Code. The events at issue in this case took place while the Traffic Code was still in effect.

**June 18, 2007 Tow**

Plaintiff alleges that on June 15, 2007, a 72-hour warning notice was placed on Plaintiff's 1986 Ford Ranger. Compl. ¶ 11; Ex. A. On June 18, 2007, an officer from the San Francisco Police Department ("SFPD") completed a tow slip and towed the Ranger. Compl. ¶ 12; Ex. B. No odometer reading was recorded on the space provided on the tow slip. Id.

On June 26, 2007, Plaintiff faxed a request for supervisory review of the June 18, 2007 tow. Compl. ¶ 14. On June 29, 2007, Plaintiff mailed the faxed request to SFPD. Id. SFPD did not respond. Id.

On July 6, 2007, Plaintiff completed a Courtesy Stop Request with the Department of Motor Vehicles in an effort to stop the sale of the Ranger towed in the June 18, 2007 incident. Compl. ¶ 15; Ex. C. Notwithstanding his stop request, Tegsco/AutoReturn sold the Ranger on or about July 26, 2007. Compl. ¶ 16.

On September 28, 2007, Plaintiff sent a letter to the SFPD Hearings Office and Chief Fong describing the June 18, 2007 towing incident and requesting a post-tow hearing. Compl. ¶ 17; Ex. D. No one responded to this letter. Id.

On December 14, 2007, Plaintiff filed a claim against the City for the June 18, 2007 tow. Compl. ¶ 18.; Ex. E. On December 27, 2007, Plaintiff's claim was denied. Compl. ¶ 19; Ex. F.

On May 20, 2008, Plaintiff sent another letter to the Hearings Office and Chief Fong explaining the June 18, 2007 tow and requesting a hearing. Compl. ¶ 20; Ex. G. No one responded to this letter. Id.

**June 22, 2007 Tow**

On June 20, 2007, SFPD placed a warning notice on two of Plaintiff's other vehicles, stating that they would be towed if not moved by June 23, 2007. Compl. ¶ 32. These vehicles were towed on June 22, 2007. Id.

Plaintiff requested supervisory review of the June 22, 2007 tow, but SFPD did not respond to his request. Compl. ¶ 35. On September 28, 2007, Plaintiff sent a letter to the SFPD Hearings Office and Chief Fong describing the June 22, 2007 towing incident and requesting a post-tow hearing. Compl. ¶ 17; Ex. D. No one responded to this letter. Id.

2

**August 14, 2007 Tow**

On August 14, 2007, two more of Plaintiff's vehicles were towed, one of which was a car-hauling vehicle to which the other car was attached. Compl. ¶ 36. On August 24, 2007, Plaintiff faxed and mailed a request for a supervisory review of the tow. Id. SFPD responded twenty-five days later, but allegedly did not provide the hearing. Id.

On September 28, 2007, Plaintiff sent a letter to the SFPD Hearings Office and Chief Fong describing the August 14, 2007 towing incident and requesting a post-tow hearing. Compl. ¶ 17; Ex. D. No one responded to this letter. Id.

**May 29 and June 1, 2008 Tows**

On May 29, 2008, SFPD towed two more of Plaintiffs' vehicles: a car trailer and a 1990 Geo Metro, which was loaded on the trailer. Compl. ¶ 23. On June 1, 2008, SFPD towed Plaintiff's 1976 Ford Motor Home. Compl. ¶ 24. Plaintiff alleges that SFPD did not give any prior warning notices, and alleges that the City has confirmed that no warning notices were given. Compl. ¶ 25.

On June 3, 2008, Plaintiff requested a supervisory review of the May 29 and June 1 tows. Compl. ¶ 27. SFPD allegedly failed to provide this review. Id.

On July 21, 2008, Plaintiff filed two separate claims with the SFPD regarding the May 29 and June 1 tows. Compl. ¶ 28; Ex. H. On September 4, 2008, SFPD denied those claims. Compl. ¶ 29; Ex. I.

**Legal Standard**

A motion to dismiss is appropriate when the plaintiff's allegations fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2008). A court should not grant dismissal unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In analyzing a motion to dismiss, the court must accept as true, all allegations of material facts set forth in the complaint, and draw reasonable inferences in the light most favorable to the plaintiff. Pareto v. Fed. Deposit Ins. Co., 139 F.3d 696, 699 (9th Cir. 1998). Dismissal without leave to amend is improper, unless no amendment could possibly cure the pleading's deficiencies.

3

1  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998).

2  **Discussion**

3  **1.     Defendants' Motion to Dismiss claims against Police Chief Heather Fong is denied.**

4   Defendants argue that Plaintiff's claims against Police Chief Fong should be dismissed
5  because she cannot be held vicariously liable. See Cal. Gov't Code § 820.8 ("Except as otherwise
6  provided by statute, a public employee is not liable for an injury caused by the act or omission of
7  another person. Nothing in this section exonerates a public employee from liability for injury
8  proximately caused by his own negligent or wrongful act or omission."); Payne v. Bennion, 178
9  Cal.App.2d 595, 600-01 (1960) (holding that public officer is not responsible for acts or omissions
10 of subordinates unless officer directed such acts or personally acted).  Plaintiff, however, points to
11 the specific allegations that he made based on Chief Fong's own conduct.  Plaintiff alleges that he
12 sent two letters to Chief Fong directly regarding the June 18, 2007 towing incident, and that Chief
13 Fong did not respond.  Compl. ¶¶ 17,20; Ex. D, G.  Plaintiff also points to the allegations that the
14 San Francisco Police Department, acting under Chief Fong's direction, continued to violate the 72-
15 Hour Tow Laws and refused post-tow hearings.  Compl. ¶¶ 14, 17, 20, 27, 36, 50-53.  These
16 allegations of conduct by Chief Fong are sufficient to survive a motion to dismiss.

17 **2.     Defendants' Motion to Dismiss Plaintiff's first claim is granted with leave to amend.**

18   Defendants argue that Plaintiff's first claim must be dismissed because there is no statutory
19 basis for liability against the City for violation of the law providing that a car may not removed from
20 the street for violation of the law prohibiting parking on a public street for more then 72 consecutive
21 hours (see S.F. Traffic Code § 37(a)), unless notice has been placed on the vehicle (see S.F. Traffic
22 Code § 159.10).  See, e.g., Eastburn v. Regional Fire Protection Auth., 31 Cal.4th 1175, 1183-84
23 (2003) ("In other words, direct tort liability of public entities must be based on a specific statute
24 declaring them to be liable, or at least creating some specific duty of care, and not on the general tort
25 provisions of Civil Code section 1714.").  Plaintiff argues that Government Code § 815.6 provides
26 the statutory basis for this claim.  See Cal. Gov't Code § 815.6 ("Where a public entity is under a
27 mandatory duty imposed by an enactment that is designed to protect against the risk of a particular
28 kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to

4

discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."); Walt Rankin & Assocs. v. City of Murrieta, 84 Cal.App.4th 605, 614, n. 5 (2000) ("When an enactment establishes a mandatory governmental duty and is designed to protect against the particular kind of injury the plaintiff suffered, section 815.6 provides that the public entity 'is liable' for an injury proximately caused by its negligent failure to discharge the duty. It is section 815.6, not the predicate enactment, that creates the private right of action.") (internal citations omitted). Liability under § 815.6 requires a showing that: (1) a law creates a mandatory duty; (2) the law is designed to protect against the kind of injury suffered by plaintiff; and (3) the breach of the duty is a proximate cause of the plaintiff's injury. See Haggis v. City of Los Angeles, 22 Cal.4th 490, 498 (2000).

Plaintiff argues that Traffic Code § 37(a) and Traffic Code § 159.10 create a mandatory duty for police officers to place a conspicuous notice on the vehicle prior to its removal. See S.F. Traffic Code § 37(a) (prohibiting parking in the same location for 72 consecutive hours); S.F. Traffic Code § 159.10 ("No vehicle parked or left standing upon any highway or street in violation of Section 37(a) . . . shall be removed . . . unless there has been posted in a conspicuous place upon such vehicle a notice. . . ."). Plaintiff also argues that California Vehicle Code § 22850 creates a mandatory duty to determine the amount of mileage on the vehicle before towing it. That section states:

> Whenever an officer or employee removes a vehicle from a highway, or from public or private property, unless otherwise provided, he shall take the vehicle to the nearest garage or other place of safety or to a garage designated or maintained by the governmental agency of which the officer or employee is a member, where the vehicle shall be placed in storage.
> At the time of such removal, the officer or employee shall determine the amount of mileage on the vehicle.

The complaint alleges that no notice was provided in advance of the May 29 and June 1, 2008 tows. See Compl. ¶¶ 25, 40. Plaintiff has alleged that the San Francisco Police Department failed to record the mileage for the June 18, 2007 tow on the tow slip. Compl. ¶ 39. Plaintiff also alleges that the failure to provide notice caused him damage because he has been deprived of his property. Compl. ¶ 40.

Section 22850 only requires some method of recording the mileage on the odometer, not

5

1 necessarily that the mileage be recorded on the tow slip. Further, Plaintiff has not adequately pled
2 the causation prong of the Section 815.6 analysis. Specifically, unless Plaintiff can in good faith
3 allege that he moved his vehicle during the 72-hour period such that the failure to record the mileage
4 caused the wrongful deprivation of his property, he cannot state a claim for violation of the 72-Hour
5 tow laws.

6       Defendants' argument that San Francisco Transportation Code section 102 shows that there
7 is no mandatory duty to place a notice on a vehicle is without merit. <u>See</u> S.F. Transp. Code § 102
8 ("In undertaking the adoption and enforcement of this Division II, the City is assuming an
9 undertaking only to promote the general welfare. It is not assuming, nor is it imposing on its officers
10 or employees, an obligation for breach of which the City is liable in money damages to any person
11 who claims that such breach proximately caused injury."). That code section was not in effect until
12 July 2008, which was after the cars here were towed, and there has been no showing that it was
13 intended to apply retroactively. Accordingly, Defendants' Motion to Dismiss is granted with leave
14 to amend.

**3.    Defendants' Motion to Dismiss Plaintiff's second claim is granted with leave to amend.**

16       Plaintiff alleges that Defendants violated his right to due process by failing to provide a post-
17 tow hearing as required by California Vehicle Code § 28852. Section 22852 states in relevant part:

> (a) Whenever an authorized member of a public agency directs the storage of a vehicle, as permitted by this chapter, or upon the storage of a vehicle as permitted under this section (except as provided in subdivision (f) or (g)), the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage.
> (b) A notice of the storage shall be mailed or personally delivered to the registered and legal owners within 48 hours, excluding weekends and holidays, and shall include all of the following information:
> (1) The name, address, and telephone number of the agency providing the notice.
> (2) The location of the place of storage and description of the vehicle, which shall include, if available, the name or make, the manufacturer, the license plate number, and the mileage.
> (3) The authority and purpose for the removal of the vehicle.
> (4) A statement that, in order to receive their poststorage hearing, the owners, or their agents, shall request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice.
> (c) The poststorage hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle.
> (d) Failure of either the registered or legal owner, or his or her agent, to request or to

6

1  attend a scheduled hearing shall satisfy the poststorage hearing requirement.

2  Plaintiff alleges that he was denied post-tow hearings for the June 18, 2007, May 29, 2008 and June 1, 2008 tows even though he timely requested them on June 26, 2007 and June 3, 2008 respectively. Compl. ¶¶ 12-20, 23-30, 41-44.

Defendants first argue that this claim is duplicative of Plaintiff's third claim for violation of 42 U.S.C. § 1983. As Plaintiff explained at the hearing, however, this claim is not duplicative because the second claim seeks relief for a statutory violation, not a constitutional violation. Moreover, at the hearing, Plaintiff identified California Government Code section 815.6 as the statutory basis for the second claim. See Cal. Gov't Code § 815.6. The complaint, however, is not clear as to these issues. Therefore, Defendants' motion to dismiss is granted with leave to amend for Plaintiff to clarify the second claim.

Defendants also argue that the City's post-tow hearing procedures, which require an in-person hearing request, satisfy Section 22852, so Plaintiff cannot state a claim for violation of that section. See Request for Judicial Notice Ex. A.[3] However, Defendants' argument that the City need not provide the options of requesting a hearing in writing or by telephone conflicts with the plain disjunctive language of the statute permitting a person to request a post-tow hearing "in person, writing, or by telephone."

**4.      Defendants' Motion to Dismiss Plaintiff's third claim is denied.**

In this third claim, Plaintiff alleges that he was denied due process when he did not receive post-tow hearings after the June 18, 2007, May 29, 2008 and June 1, 2008 tows. Defendants argue that Plaintiff has failed to state sufficient facts to show a constitutional deprivation and that he has failed to allege facts to support his claim against the City pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978).

First, Defendants argue that Plaintiff has failed to allege that he complied with the post-tow hearing procedure, so he cannot recover for the alleged failure to provide hearings. Defendants also argue that Plaintiff failed to allege that he did not receive a notice informing him of the post-tow

---

[3] The Court grants Defendants' request to take judicial notice of the existence of the Towed Vehicle Information attached to the Request for Judicial Notice.

hearing procedures. Plaintiff argues that he complied with Section 28852 by requesting a hearing in writing within ten days. That Plaintiff alleges that he sought a "supervisor's review," rather than a "post-tow hearing" or some other specific type of hearing, is not dispositive at this stage. Plaintiff has sufficiently alleged that he sought relief in the nature of a post-tow hearing, which was denied allegedly in violation of his due process rights.

Second, Defendants allege that Plaintiff has failed to state a claim under Monell. However, Plaintiff has alleged a systematic failure by the City to comply with due process requirements for post-tow proceedings. Compl. ¶ 34, 52. The complaint alleges that the City, Chief Fong and the San Francisco Police Department knew about the repeated denial of hearings and approved or condoned that practice. Compl. ¶ 50-53. Plaintiff has alleged that there was a pattern of denying hearings, and that he was denied a hearing at least four times. Compl. ¶¶ 14-17, 27, 35, 36. In addition, there is at least one allegation in the complaint that appears to allege instances of denials to others. Compl. ¶ 37 ("Plaintiff is also aware of other instances where the SFPD has denied post-tow hearings or supervisory review of tows, despite repeated and timely requests."). Plaintiff has sufficiently alleged a Monell violation. Accordingly, Defendants' Motion to Dismiss Plaintiff's third claim is denied.

**IT IS SO ORDERED.**

Dated: November 26, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge