CITY AND COUNTY OF SAN FRANCISCO | OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

MEREDITH B. OSBORN
Deputy City Attorney

DIRECT DIAL: (415) 554-3911
E-MAIL: meredith.osborn@sfgov.org

June 30, 2009

**VIA HAND DELIVERY**

Honorable James Larson
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom F, 15th Floor
San Francisco, CA 94102

Re:   *Kaufman v. CCSF et al.*
      USDC No. CV 08-3755 EDL

Dear Judge Larson:

    I write to request that the following defendants be excused from attending the further settlement conference scheduled in the above-captioned case for July 7, 2009 at 10:00 a.m.: retired Chief Heather Fong, Sgt. Kyle Ching, Officer Alexander Kwan, Officer Susan Lavin, and Officer Crystal McDonald.

    Chief Fong, who has been sued in her official capacity, asks to be excused from the settlement conference because she was not involved in any of the events alleged in the complaint, and the complaint does not state otherwise. Further, the Court has stayed and bifurcated plaintiff's *Monell* claims against Chief Fong and the City from those against the individual officer defendants. A representative from the San Francisco Police Department with full authority to recommend a settlement will attend the settlement conference.

    There is good cause to excuse the individually-named defendants from attendance because any contribution they could make by way of factual input would be minimal and they can contribute nothing in terms of settlement authority. Plaintiff makes a variety of claims related to tows of his vehicles occurring over a span of two years. These tows are amply documented, and the officers cannot contribute any more information than what is contained in those documents – namely, the date the vehicles were marked, when and where they were towed, and why. Officer Lavin and Officer Kwan, who have already been deposed, have confirmed that their memories of the tows are limited to what is contained in the documents. Plaintiff's post-storage hearings are similarly documented, and were conducted by a third-party City employee who will have been deposed by the further settlement conference date. Given the volume of tows and hearings conducted by the San Francisco Police Department, the officers are unable to make factual contributions with regard to any individual tow beyond what is contained in the documents referenced above. In addition, Officer Crystal McDonald is currently on family leave and it would be a hardship for her to attend the conference.

    Finally, plaintiff has not made any claim for punitive damages in this case. Plaintiff primarily seeks sweeping declaratory and injunctive relief against the San Francisco Police Department. Under these circumstances, there is good cause to excuse these defendants from attendance.

---

FOX PLAZA · 1390 MARKET STREET, FLOOR 6 · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3911 · FACSIMILE: (415) 554-3837

d:\kaufmanltrrefsc.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Judge Larson.
Page 2
June 30, 2009

    In sum, the Chief, Sgt. Ching, and Officers Kwan, Lavin, and McDonald would have nothing to contribute to the settlement discussions, by way of factual input or settlement authority. Defendants therefore respectfully request that the Court not compel these defendants to attend a further settlement conference in a case in which they have only a peripheral interest.

    Counsel for defendant Tegsco has indicated that she does not oppose this request, and plaintiff's counsel has not responded to defendants' communication regarding this request.

    Thank you for your attention to this matter.

Very truly yours,

DENNIS J. HERRERA
City Attorney

MEREDITH B. OSBORN
Deputy City Attorney

cc:    Robert Nolan (counsel for plaintiff)
       Lindsay Wagenman (counsel for defendant TEGSCO, LLC)

SO ORDERED

JAMES LARSON
U.S. CHIEF MAGISTRATE JUDGE