1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOB KAUFMAN,                                    No. C-08-03755  EDL

        Plaintiff,                        **ORDER DENYING PLAINTIFF'S**
                                                **MOTION FOR LEAVE TO FILE**
  v.                                          **MOTION FOR RECONSIDERATION**

CITY OF SAN FRANCISCO, et al.,

        Defendants.
_____/

      On October 19, 2009, the Court issued an Order Denying Plaintiff's Motion for Summary Judgment and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. On October 27, 2009, Plaintiff filed a Motion for Reconsideration of the Court's October 19, 2009 Order.  On November 10, 2009, Defendants filed an objection to the motion for reconsideration on the grounds that Plaintiff had not complied with Civil Local Rule 7-9(a), which requires a party to seek leave to file a motion for reconsideration before filing it.  On that same day, pursuant to Local Rule 7-9(a), Plaintiff filed a Motion for Leave to Have his Motion for Reconsideration Deemed Filed and Set for Hearing.  The Court ordered Defendants to respond to Plaintiff's motion for leave no later than December 10, 2009, which they did.  On December 17, 2009, Plaintiff filed a Reply in Support of Motion for Leave to Have Motion for Reconsideration Deemed Filed and Set for Hearing, even though neither the Court nor the Local Rules provided for a reply.  On December 17, 2009, Defendants filed an Objection to Plaintiff's Reply.  Because Plaintiff filed his Reply without leave of court, and because the Reply does not add substantively to Plaintiff's Motion for Leave, the

Court declines to consider it.  The Court has reviewed the parties' other filings and issues the

following order denying Plaintiff's Motion for Leave to Have his Motion for Reconsideration

Deemed Filed and Set for Hearing.

**Discussion**

Civil Local Rule 7-9 requires that in a motion for leave to file a motion for reconsideration,

the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists
> from that which was presented to the Court before entry of the interlocutory order for
> which reconsideration is sought.  The party also must show that in the exercise of
> reasonable diligence the party applying for reconsideration did not know such fact or
> law at the time of the interlocutory order; or (2) the emergence of new material facts
> or a change of law occurring after the time of such order; or (3) a manifest failure by
> the Court to consider material facts or dispositive legal arguments which were
> presented to the Court before such interlocutory order.

Here, Plaintiff argues that there was a manifest failure by the Court to consider material facts which

were presented to the Court.  Specifically, Plaintiff argues that the Court mistakenly concluded that:

(1) Plaintiff's request for hearing on the June 18, 2007 tow was untimely; and (2) Officer Centurioni

provided timely tow hearings for Plaintiff's 2008 tows on June 3, 2008.  Plaintiff's arguments,

however, do not support reconsideration under Local Rule 7-9.

First, Plaintiff argues that he timely requested a hearing on the June 18, 2007 tow by

facsimile.  See Kaufman Decl. in Support of Pl.'s Mot. for Summ. J. ¶ 8.  As described in the

Court's order on the parties' motions for summary judgment, the hearing request attached to

Plaintiff's declaration purporting to show the facsimile on June 26, 2007 does not relate to the June

18, 2007 tow.  See id. Ex. D.  Plaintiff argues that this error was corrected in Plaintiff's counsel's

declaration in support of Plaintiff's Reply brief (see Second Supp. Green Decl. Ex. C), but the

exhibit attached to counsel's declaration does not show that it was faxed, nor does it contain any

indication as to when it was sent to the San Francisco Police Department.  Further, this exhibit was

improper because it was provided for the first time in the Reply.  See American Traffic Solutions,

Inc. v. Redflex Traffic Sys., Inc., 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009) ("The remedy for

dealing with new evidence first appearing in a reply is that we will not consider issues or evidence

raised for the first time in plaintiff's reply.").  Plaintiff also points to a subsequent letter from

Plaintiff to the San Francisco Police Department stating that he faxed the hearing request on June 26,

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1   2007.  <u>See</u> Kaufman Decl. Ex. G.  That letter, however, is hearsay without an exception to the extent

2   that it is offered for the truth of the matters asserted in it, that is, that Plaintiff faxed the hearing

3   request on June 26, 2007.  <u>See</u> Fed. R. Evid. 801, 803.  The Court did not manifestly fail to consider

4   material facts on the issue of whether Plaintiff timely requested a hearing for the June 18, 2007 tow.

5           Second, Plaintiff argues that Officer Centurioni did not conduct a hearing on Plaintiff's 2008

6   tow requests on June 3, 2008 even though the hearing request forms have that date written on the

7   line for "date of hearing."  Officer Centurioni testified that the date of hearing was not in his

8   handwriting.  <u>See</u> Osborn Decl. Ex. C at 52.  Plaintiff now summarily contends that the date of the

9   hearing is written in his handwriting, but fails to cite any evidence to support that contention.

10  Further, even assuming that Plaintiff wrote in the date of the hearing, he has failed to provide any

11  evidence regarding why and/or when he wrote it even though he now contends that the date was

12  incorrect.

13          Plaintiff further argues that he never received a hearing for the June 1, 2008 tow of the motor

14  home, and that there is a disputed issue of fact as to when the San Francisco Police Department

15  conducted the hearing for the May 29, 2008 tow of the trailer, because he was not notified of the

16  hearing results for either tow until early July 2008.  <u>See</u> Pl.'s Decl. ¶¶ 18-20; Supp. Osborn Decl.

17  Ex. D, E.  But as stated in the Court's October 19, 2009 Order, the fact that Plaintiff was notified of

18  the hearing results in July 2008 does not indicate when the San Francisco Police Department

19  conducted the investigation or hearing.

20          Plaintiff also argues that Officer Centurioni's testimony that he notified Plaintiff about the

21  denial of the refund for the trailer (<u>see</u> Osborne Decl. Ex. C at 56) is "particularly suspect" when

22  considered in light of the Chronology of Investigation form, which states that Officer Centurioni

23  notified Plaintiff about the denial of fees for the Metro, but does not mention the trailer (<u>see</u> Supp.

24  Osborne Decl. Ex. B).  However, Plaintiff's argument goes to notification only, and he has provided

25  no evidence that a hearing was not conducted within 48 hours as required by California Government

26  Code section 22852.

27          Plaintiff has not shown pursuant to Local Rule 7-9 that the Court manifestly failed to

28  consider any material facts in ruling on summary judgment.  Accordingly, Plaintiff's Motion for

Leave to Have his Motion for Reconsideration Deemed Filed and Set for Hearing is denied.  A

further case management conference is set for January 19, 2010 at 3:00 p.m.   A joint case

management conference statement that includes the parties' proposed pretrial conference date and

trial date shall be filed no later than January 12, 2010.

**IT IS SO ORDERED.**

Dated: December 22, 2009

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4