1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BLAINE I. GREEN (CA SBN 193028)
2  blaine.green@pillsburylaw.com
   ROBERT J. NOLAN (CA SBN 235738)
3  robert.nolan@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA 94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
   Attorneys for Plaintiff
7  BOB KAUFMAN

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

11 BOB KAUFMAN,                              ) Case No. CV 08-3755 EDL
                                             )
12                 Plaintiff,                ) **NOTICE OF MOTION AND**
                                             ) **MOTION TO DISMISS SECOND**
13         vs.                               ) **CLAIM FOR RELIEF PURSUANT**
                                             ) **TO FEDERAL RULE OF CIVIL**
14 CITY AND COUNTY OF SAN                    ) **PROCEDURE 41(a)(2);**
   FRANCISCO, a municipal organization;      ) **MEMORANDUM OF POINTS AND**
15 SAN FRANCISCO POLICE                      ) **AUTHORITIES**
   DEPARTMENT, et al.,                       )
16                                           ) Hearing Date: March 16, 2010
                   Defendants.               ) Time:  9:00 a.m.
17                                           ) Dept:  E
                                             ) Judge: Elizabeth D. Laporte
18 _____       )

702030224v1                                  Case No. CV 08-3755 EDL
PLAINTIFF'S MOTION TO DISMISS SECOND CLAIM PURSUANT TO FRCP 41(a)(2)

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 16, 2010, at 9:00 a.m., before the Honorable Elizabeth D. Laporte, Department F, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Bob Kaufman will and hereby does move this Court to dismiss his Second Claim for relief without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and enter a final judgment.

This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities in support thereof, the pleadings and papers on file herein, and such additional evidence and argument as may be presented at oral argument.

Dated: February 9, 2010.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BLAINE I. GREEN
ROBERT J. NOLAN
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By: /s/ Blaine I. Green
Blaine I. Green
Attorneys for Plaintiff BOB KAUFMAN

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Bob Kaufman submits the following memorandum in support of his Motion to Dismiss Second Claim for Relief Pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Motion"). Rule 41(a)(2) provides, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper." A dismissal pursuant to Rule 41(a)(2) is without prejudice unless the court orders otherwise. *Id.* Where partial summary judgment has disposed of some, but not all claims, a court may dismiss the remaining claims without prejudice pursuant to Rule 41(a)(2) and enter a final judgment. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002)[1]; *see also Hicks v. NLO, Inc.*, 825 F.2d 118, 120 (6th Cir. 1987); *Chrysler Motors corp. v Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir. 1991).

Here, the Court entered partial summary judgment in favor of Defendants on all claims except Plaintiff's Second Claim for Relief. *See* Dkt. 91. Plaintiff's Second Claim relates to whether warning notices were actually placed on his car for the May and June 2008 tows of his vehicles. *Id.*, Dkt. 36. The Second Claim is the sole remaining claim to be litigated at trial. As in *James*, it would not be an inefficient use of time and resources to try the remaining claim because the other claims—claims challenging the San Francisco Police Department's tow hearing policy and practice, which lie at the heart of this action—have already been adjudicated. *See James*, 283 F.3d at 1068. Plaintiff therefore respectfully requests that the Court grant his

---

[1] In *James*, the plaintiff requested a dismissal without prejudice as to remaining claims on the ground that a federal court trial of such claims "would not be an efficient use of time and resources." *Id.* at 1068. The district court agreed, dismissed the remaining claims and entered a final judgment pursuant to Federal Rule of Civil Procedure 58. The Ninth Circuit affirmed, holding: "[W]hen a party that has suffered an adverse partial summary judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291." *Id.* at 1070.

1 Motion, dismiss his Second Claim pursuant to Rule 41(a)(2), and enter judgment pursuant to
2 Rule 58.

3     Dated: February 9, 2010.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BLAINE I. GREEN
ROBERT J. NOLAN
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By: /s/ Blaine I. Green
         Blaine I. Green
Attorneys for Plaintiff BOB KAUFMAN

702030224v1                    4                    Case No. CV 08-3755 EDL
PLAINTIFF'S MOTION TO DISMISS SECOND CLAIM PURSUANT TO FRCP 41(a)(2)